IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY EUGENE IVIE<br>(TDCJ No. 1719844),<br><br>Plaintiff,<br><br>V.<br><br>GREG ABBOTT, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:13-cv-3157-P-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Danny Eugene Ivie, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Texas Attorney General Greg Abbott, Texas Department of Criminal Justice ("TDCJ") Parole Division Director Stuart Jenkins, and former TDCJ Correctional Institutions Division Director Rick Thaler have violated his civil rights by requiring him to register as a sex offender. He claims that he was not admonished as to the registration requirements when he pled guilty to sexual assault of a child in 1997, that he is improperly restrained from visiting his children and grandchild, and that he will be prevented from moving into his home because it is 497

feet from a school. On August 12, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 5. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis*. *See* Dkt. No. 7. Because Plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8(a), the Court sent a notice of deficiency, and Plaintiff filed an amended complaint. *See* Dkt. Nos. 6 & 8. Written interrogatories then were sent to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 9. Plaintiff answered the interrogatories on September 26, 2013. *See* Dkt. No. 13.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990). The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements,* 832 F.2d 332, 334-35 (5th Cir. 1987). A court may summarily dismiss a complaint filed *in forma*

*pauperis* if it is clear that claims asserted are barred by limitations. *See Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).

## Analysis

In his complaint and interrogatory answers, Plaintiff alleges that he was denied proper notification of the sex offender registration requirements in connection with his 1997 conviction. *See* Dkt. No. 8 at 4, 6; Dkt. No. 13 at Question 1. As a result of his inability to challenge the requirements, Plaintiff is restrained from visiting his children and grandchild and may not move into a house he now owns. *See id.* Plaintiff claims that he has been negatively affected by this conduct since his March 10, 2004 release from prison. *See* Dkt. No. 13 at Question 1(e) & (f); *id.* at Question 6. He reports that his attorney unsuccessfully challenged the registration requirement by motion on August 29, 2006. *See* Dkt. No. 8 at 7.

Plaintiff's complaint and interrogatory responses make clear that Plaintiff has been aware of the alleged wrongdoing at issue in this lawsuit since no later than March of 2004. Accordingly, Plaintiff's civil rights claims raised for the first time in August 2013 are time barred and should be summarily dismissed. *See Gartrell,* 981 F.2d at 256.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 1, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE